

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00877-CR

Manuel G. **MUÑOZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2011
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  January 28, 2015

DISMISSED FOR LACK OF JURISDICTION

Manuel Muñoz entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the offense of failing to stop and render aid. The trial court imposed sentence in accordance with the plea bargain on October 17, 2014. Muñoz's pro se motion for new trial filed December 15, 2014, was not timely. *See* TEX. R. APP. P. 21.4(a) (stating that motion for new trial in criminal case must be filed not later than thirty days after date trial court imposes or suspends sentence in open court). The deadline for filing a notice of appeal was therefore November 17, 2014. *See* TEX. R. APP. P. 26.2(a)(1). The envelope containing Muñoz's notice of

appeal is post-marked December 12, 2014, and the notice was file-stamped by the district clerk on December 15, 2014. Muñoz did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

We notified Muñoz that the record raised an issue regarding our jurisdiction over the appeal and ordered a response showing the appeal was timely filed. Muñoz's court-appointed appellate counsel filed a response in which he agrees the notice of appeal was not timely filed.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish